**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | **Case No. 2:23-cv-00630-JRG-RSP** |
| **Plaintiff,** | **PATENT CASE** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ROCHE DIAGNOSTICS GMBH LTD.,** | |
| **Defendant.** | |

**DEFENDANT ROCHE DIAGNOSTICS GMBH LTD.'S MOTION TO DISMISS FOR
<u>LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

I.    STATEMENT OF THE ISSUES ....................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................... 2

III.  LEGAL STANDARD ..................................................................................................... 3

      A.   Personal Jurisdiction ......................................................................................... 3

      B.   Failure to State a Claim .................................................................................... 6

IV.  ARGUMENT ................................................................................................................. 7

      A.   This Court Lacks Personal Jurisdiction Over Roche GmbH ................................. 7

           1.   Roche GmbH is not subject to general personal jurisdiction in this District ................................................................................................... 7

           2.   Roche GmbH is not subject to specific jurisdiction in this District. ............ 9

           3.   The assertion of personal jurisdiction would be neither reasonable nor fair ................................................................................................. 13

      B.   Symbology's Complaint Fails to State a Claim ................................................. 14

V.   CONCLUSION ............................................................................................................ 16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
No. C-09-1360 MMC, 2009 WL 1974602 (N.D. Cal. July 8, 2009).......................................15

*Asahi Metal Indus. Co. v. Super. Ct.*,
480 U.S. 102 (1987).............................................................................................................11, 12

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d. 1012 (Fed. Cir. 2009)................................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)....................................................................................................................6

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ......................................................................................................6

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
447 F.3d 411 (5th Cir. 2006) ....................................................................................................10

*Centre One v. Vonage Holdings Corp.*,
No. 08-cv-00467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) (Davis, J.) ..........................3

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................................................................................................................6

*Dickson Marine Inc. v. Panalpina, Inc.*,
179 F.3d 331 (5th Cir. 1999) ....................................................................................................11

*Diebold Election Sys., Inc. v. AI Tech., Inc.*,
562 F. Supp. 2d 866 (E.D. Tex. 2008) (Schell, J.)..................................................................7, 8

*F & G Research, Inc. v. Dynapoint (Taiwan), Inc.*,
262 F. App'x 277 (Fed. Cir. 2008) .............................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)...........................................................................................................4, 5, 11

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*,
85 F.3d 201 (5th Cir. 1996) ......................................................................................................10

*Hanson v. Denckla*,
357 U.S. 235 (1958)....................................................................................................................5

*Harris v. Action Chrysler Jeep Dodge, Inc.*,
    No. 2:09–CV–286, 2010 WL 3489084 (E.D. Tex. Aug. 12, 2010)............................................8

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*,
    62 F. App'x 322 (Fed. Cir. 2003) ...............................................................................................5

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...................................................................................................................4, 5

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)...............................................................................................................11, 12

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ......................................................................................................4

*Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*,
    528 F. Supp. 3d 647 (E.D. Tex. 2021) (Mazzant, J.) .................................................................3

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
    No. CV 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) .....................................15

*Med. Sols., Inc. v. C Change Surgical LLC*,
    541 F.3d 1136 (Fed. Cir. 2008).................................................................................................4

*Merial Ltd. v. Cipla Ltd.*,
    681 F.3d 1283 (Fed. Cir. 2012).................................................................................................5

*N. Star Innovations, Inc. v. Toshiba Corp.*,
    No. 16-115-LPS-CJB, 2016 WL 7107230 (D. Del. Dec. 6, 2016)..........................................15

*Nespresso USA, Inc. v. Ethical Coffee Co. S.A.*,
    263 F. Supp. 3d 498 (D. Del. 2017).....................................................................................12, 13

*Nespresso USA, Inc. v. Ethical Coffee Comp. SA*,
    264 F. Supp. 3d 498 (D. Del. 2017)..................................................................................6, 12, 13

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
    No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016)......................................7

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010).................................................................................................4

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ....................................................................................................3

*Polar Electro Oy v. Suunto Oy*,
    829 F. 3d 1343 (Fed. Cir. 2016)..............................................................................................12

*Princeton Digital Image Corp. v. Facebook, Inc.*
No. 2:11-CV-400-JRG, 2012 WL 3647182 (E.D. Tex. Aug. 23, 2012)
(Gilstrap, J.) ....................................................................................................9

*Stragent, LLC v. BMW of N. Am., LLC,*
No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017)
(Mitchell, M.J.) ...............................................................................................7

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
563 F.3d 1285 (Fed. Cir. 2009)........................................................................6

*Systems Div., Inc. v. Teknek Elecs., Ltd.*,
253 Fed. Appx. 31 (Fed. Cir. 2007) .................................................................4

*U.S. v. Jon–T Chemicals, Inc.*,
768 F.2d 686 (5th Cir.1985), *cert. denied,* 475 U.S. 1014 (1986)..........................10

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018)......................................12

*Viam Corp. v. Iowa Export-Import Trading Co.*,
84 F.3d 424 (Fed. Cir. 1996)...........................................................................13

*WesternGeco L.L.C. v. Ion Geophysical Corp.*,
776 F. Supp. 2d 342 (E.D. Tex. 2011) ............................................................15

*World Tanker Carriers Corp. v. MV Ya Mawlaya*,
99 F.3d 717 (5th Cir. 1996) .........................................................................5, 6

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)........................................................................................5

*York Group, Inc. v. Horizon Casket Group, Inc.*,
No. H-05-2181, 2006 WL 2141081 (S.D. Tex. Jul. 28, 2006) ...........................8

*In re Zimmer Holdings, Inc.*,
609 F.3d 1378 (Fed. Cir. 2010)......................................................................14

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ....................................................................6, 15, 16

FED. R. CIV. P. 4(k)(2) ...............................................................5, 6, 7, 13

Plaintiff Symbology Innovations, LLC's ("Symbology's") lack of diligence should not be rewarded. Roche Diagnostics GMBH Ltd. was chosen by Symbology as the Defendant simply because it resembled a foreign corporation name, allowing Symbology to improperly assert venue in this District. However, this entity does not even exist. The foreign corporation is Roche Diagnostics GmbH ("Roche GmbH"). But, the company relevant to the accused NAVIFY Pass mobile application (the "Accused Instrumentality") is Roche Molecular Systems, Inc. ("Roche Molecular"), as evidenced by the screenshots in the Complaint itself. Symbology sued the wrong entity by ignoring publicly available facts, and it continues to do so. This reason alone warrants dismissal of the Complaint for lack of personal jurisdiction.

Non-party Roche Molecular, the provider of the Accused Instrumentality in the U.S., is headquartered in California and has no regular or established place of business in this District. Symbology refused to substitute or add it as a proper party to the current case. Ironically, in the claim charts filed along with the Complaint, Roche Molecular is listed as the publisher of the Accused NAVIFY Pass Application. (Dkts. 1-4, 1-5.) Further, Symbology's counsel boasts on his firm's    website that he represented Roche Molecular in the past, so he is no doubt familiar with the entity. (Ex. 2.)

Symbology's claims should also be dismissed for failure to state a claim. Because Roche GmbH does not conduct any business in the U.S. in connection with the Accused Instrumentality, it cannot be alleged to have performed any infringing acts in the U.S. Accordingly, Symbology's Complaint    should also be dismissed for the additional reason that its allegations do not put forth a plausible claim for infringement by Roche GmbH    .

## I.    STATEMENT OF THE ISSUES

1.    A court has personal jurisdiction over a defendant when either (i) the defendant is alleged to have committed an act or acts in the district giving rise to a stated claim or (ii) the

defendant has sufficient minimum contacts with the district such that exercising personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.  Here, Roche GmbH is a non-U.S. entity and Symbology has not plausibly alleged any facts that purport to show that Roche GmbH has any operations within Texas or contacts with Texas.  Should the Court therefore dismiss Symbology's claims against Roche GmbH for lack of personal jurisdiction?

2.     To establish infringement by a defendant, a plaintiff must identify an infringing act or acts attributable to the defendant.  Here, Roche GmbH does not act within the U.S., and Symbology has not plausibly alleged any acts attributable to Roche GmbH.  Should the Court therefore dismiss Symbology's claims against Roche GmbH for failure to state a claim?

## II.     STATEMENT OF FACTS

In its Complaint, Symbology did not provide any facts that show this Court has jurisdiction over Roche GmbH.  All allegations regarding personal jurisdiction, for example that Defendant has "continuous and systematic business contacts with the State of Texas," "directly conducts business extensively throughout the State of Texas, by distributing, making, using offering for sale, selling, and advertising its services in the State of Texas and in this District," "purposefully and voluntarily made its business services […] available to residents of this District and into the stream of commerce," and "retains employees specifically in this District," are legal conclusions, *not facts*.  (Dkt. 1 at ¶¶ 5, 6, 7.)

In the Complaint, Symbology accused the NAVIFY Pass mobile application  of infringing its patents.  (Dkt. 1 at ¶ 30, Dkt Nos. 1-4, 1-5.)  Public information indicates that this application was developed, and is maintained by Roche Molecular, a U.S. entity based in Pleasanton, California, not Roche GmbH.  Indeed, this is clearly shown on the developer page of the Accused Instrumentality, and even in Symbology's own filings. (Dkts. 1-4, 1-5.)





Roche GmbH is a foreign entity based in Germany.  Roche GmbH and Roche Molecular are not directly affiliated.  And Symbology points to no evidence that shows Roche GmbH has any relationship with the Accused Instrumentality in the U.S.  (Dkt. 1 at ¶ 2.)

## III.   LEGAL STANDARD

### A.   Personal Jurisdiction

In response to a Rule 12(b)(2) motion challenging personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *See Centre One v. Vonage Holdings Corp.*, No. 08-cv-00467, 2009 WL 2461003, at *2 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (Davis, J.) (*citing Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)).  In assessing personal jurisdiction, this Court need not credit conclusory allegations, even if uncontroverted. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Further, "[i]t is well settled that courts may take judicial notice of matters of public record") *Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*, 528 F. Supp. 3d 647, 658 (E.D. Tex. 2021) (Mazzant, J.) (citing *Sanders v. Univ. of Texas Pan Am.*, 776 F. App'x 835, 837 (5th Cir. 2019)).

The law of the Federal Circuit applies to determine whether a district court may exercise personal jurisdiction over an out-of-state accused infringer in a patent case.  *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  "A district court has personal

3

jurisdiction over the defendant in a patent infringement case if two things are true. First, jurisdiction must exist under the forum state's long-arm statute. Second, the assertion of personal jurisdiction must be consistent with the limitations of the due process clause." *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Personal jurisdiction may be established in one of two ways. The first is specific jurisdiction, which "depends on 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Two methods of establishing specific jurisdiction include the "stream-of-commerce" theory and the "alter ego" theory. The "stream-of-commerce" theory contemplates "a nonresident defendant, acting outside the forum, plac[ing] in the stream of commerce a product that ultimately causes harm inside the forum." *Id.* at 926. Under the alter ego theory, "[e]ven though a party would not normally be subject to personal jurisdiction in a particular forum, courts may exercise personal jurisdiction over an individual or corporation that is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Systems Div., Inc. v. Teknek Elecs., Ltd.*, 253 Fed. Appx. 31, 35 (Fed. Cir. 2007) (citation omitted).

The second basis for establishing personal jurisdiction is general jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919

4

(citing *Int'l Shoe,* 326 U.S., at 317).  For general jurisdiction to apply, federal due process requires that defendants have "minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe*, 326 U.S. at 316.  A defendant has minimum contacts with a forum state when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).  It is unlawful to exercise personal jurisdiction over a defendant without such minimum contacts.  *Int'l Shoe*, 326 U.S. at 316; *F & G Research, Inc. v. Dynapoint (Taiwan), Inc.*, 262 F. App'x 277, 278-79 (Fed. Cir. 2008) (affirming district court's grant of Taiwanese defendant's motion to dismiss where defendant had "no contacts" with the forum).  "Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 336 (Fed. Cir. 2003).

Additionally, Rule 4(k)(2) of the Federal Rules of Civil Procedure permits a federal court to exercise personal jurisdiction over a defendant that has sufficient contacts with the U.S. as a whole but is not subject to jurisdiction in any single state.  FED. R. CIV. P. 4(k)(2).  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012); *see also World Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 721-22 (5th Cir. 1996).  In effect, Rule 4(k)(2) "approximates a federal long-arm statute" where the "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements." *World Tanker*, 99 F.3d 717 at 721-22. " The third requirement under Rule 4(k)(2)—the due process analysis—contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits."  *Synthes (U.S.A.) v. G.M.*

5

*Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009).  Rule 4(k)(2)'s

due process analysis incorporates the same constitutional standard applicable in other personal

jurisdiction contexts.  *Synthes (U.S.A.)* 563 F.3d 1285 at 1296–97.

Even in this situation, however, a non-US corporation itself—not its managing agent,

subsidiary, or affiliate—must be "at home" in the forum state for a court to exercise general

personal jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014).  Further, if

"minimum contacts have not been established through either a stream of commerce or agency

approach, . . . personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2)."  *Nespresso*

*USA, Inc. v. Ethical Coffee Comp. SA*, 264 F. Supp. 3d 498, 506 (D. Del. 2017).

### B.     Failure to State a Claim

A party may move to dismiss a claim for a "failure to state a claim upon which relief can

be granted."  FED. R. CIV. P. 12(b)(6).  When a court considers a Rule 12(b)(6) motion, it must

assume that all well-pleaded facts are true and must view them in the light most favorable to the

nonmoving party.  *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).  The Court

must decide whether those facts state a claim for relief that is plausible on its face.  *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the pleaded

factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Bowlby*, 681 F.3d at 217 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).

In a patent case, a plaintiff must allege facts showing that the accused infringer practices

each and every limitation of at least one patented claim to adequately plead direct infringement by

that entity.  *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL

4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claims of direct patent infringement because

the complaint failed to plausibly allege the defendant practiced all limitations of any asserted

claim); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *6 (E.D. Tex. Mar. 3, 2017) (Mitchell, M.J.).

## IV.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction Over Roche GmbH.

Symbology's claims against Roche GmbH should be dismissed because this Court lacks personal jurisdiction over it.  Roche GmbH is subject to neither general nor specific jurisdiction under any theory of personal jurisdiction, including the stream-of-commerce of alter-ego theories. Additionally, Rule 4(k)(2) does not grant this Court personal jurisdiction over Roche GmbH because Roche GmbH lacks sufficient contacts with the U.S.

#### 1.   Roche GmbH is not subject to general personal jurisdiction in this District.

A court may only exercise general jurisdiction when a defendant maintains "continuous and systematic" contacts with the state.  "However, these contacts must be 'so substantial and of such a nature as to justify suit [against the defendant] on causes of action arising from dealings entirely different from those activities.'"  *Hockerson-Halberstadt*, 62 F. App'x at 337 (*citing Int'l Shoe*, 326 U.S. at 318).

This requirement is a hurdle that Symbology cannot overcome.  Indeed, Symbology's Complaint makes no effort to satisfy this requirement.  *See Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 876 (E.D. Tex. 2008) (Schell, J.) (citing *Avocent Huntsville Corp. v. Aten Intern, Co., Ltd.,* 552 F.3d 1324, 1330 (Fed. Cir. 2008)).  And "[o]nce a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction."  *Id.*

The types of contacts that give rise to personal jurisdiction include property ownership, payment of taxes, frequent travel, having an office or employees in the district, designating an

agent for service of process in the district, regular conduct of business, and maintenance of bank accounts in the district. *Harris v. Action Chrysler Jeep Dodge, Inc.*, No. 2:09–CV–286, 2010 WL 3489084, at *2 (E.D. Tex. Aug. 12, 2010) (Everingham, M.J.) (finding no general jurisdiction where defendant was not licensed to do business in Texas, had no presence in Texas, and had no agents or employees in Texas); *York Group, Inc. v. Horizon Casket Group, Inc.*, No. H-05-2181, 2006 WL 2141081, at *6 (S.D. Tex. Jul. 28, 2006).  Symbology's Complaint fails to establish that Roche GmbH has any of these contacts with the U.S., let alone with Texas.

Symbology's Complaint does not establish how Roche GmbH purposefully directed any activities at Texas.  Symbology's allegations concerning personal jurisdiction are entirely conclusory.  Specifically, the Complaint alleges "Defendant has continuous and systematic business contacts with the State of Texas," without any plausible factual allegations.  (Dkt. 1 at ¶ 5.)  Other similarly conclusory allegations include that "Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its services in the State of Texas and in this District." (Dkt. 1 at ¶ 6.)  These allegations are legal conclusions unsupported by any plausible factual allegations.  Nor could they be because these statements are untrue.

Symbology's Complaint also fails to allege plausible facts to suggest Roche GmbH has any contacts with Texas that could justify exercise of general jurisdiction.  Roche GmbH has never done business in Texas, has never had offices or employees in Texas, and has never paid any taxes or fees in Texas.  It has no properties in Texas and directs no activities within the state.

Roche GmbH's situation in this case is therefore similar to that before this Court in *Princeton Digital Image Corp. v. Facebook, Inc.*  No. 2:11-CV-400-JRG, 2012 WL 3647182, at *1 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.).   In that case, the plaintiff sued multiple defendants,

8

including Getty Images, "a holding company that ha[d] never done any business in Texas, never had any offices or employees in Texas, and ha[d] never paid taxes in Texas." *Id.* at *2.  The Court therefore found it did not have personal jurisdiction over Getty Images because "[t]here [was] no evidence in the record to support a plausible claim that Getty Images use[d] (and allegedly infringe[d]) the technology at issue in Texas. In fact, because it [was] simply a holding company, there [was] no evidence before the Court that Getty Images use[d] the allegedly infringing technology in *any* District." *Id.*  The Court therefore dismissed the claims against Getty Images, even though its operating subsidiary, Getty Images US, was subject to personal jurisdiction in Texas and other states. *Id*. at *3.

This case presents similar facts.  Roche GmbH is a foreign company with no operations, businesses, offices, or employees in Texas.   On the other hand, Roche Molecular may be subject to jurisdiction in the U.S., but it is not subject to proper  venue in this District.  And Symbology has not alleged that the Roche Molecular's acts should be imputed to Roche GmbH—nor can it. Accordingly, Symbology's Complaint is devoid of any facts to support general jurisdiction over Roche GmbH, and Symbology's claims against Roche GmbH should be dismissed.

### 2.    Roche GmbH is not subject to specific jurisdiction in this District.

This Court also does not have specific jurisdiction over Roche GmbH.  Specific jurisdiction exists when (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d. 1012, 1018 (Fed. Cir. 2009).  The plaintiff has the burden of proving the first two prongs.  Only if the plaintiff first meets its burden of proof, then the defendant is required to present a compelling case that the presence of other considerations would render jurisdiction unreasonable. *Id.*

Symbology has not and cannot meet the first two prongs under either theory: stream-of-commerce or alter ego.   Here, Roche GmbH does not put any products into the stream of commerce in the U.S., and Roche Molecular is not the alter ego of Roche GmbH.  Accordingly, there is no basis for Symbology to argue personal jurisdiction over Roche GmbH based on its activities or the activities of Roche Molecular.

### (a) This Court does not have specific jurisdiction under an alter-ego theory.

Symbology cannot impute any of Roche Molecular's activity to Roche GmbH under an alter-ego theory, nor does Symbology attempt to in its barebones and conclusory jurisdictional allegations.  "The alter ego doctrine, like all variations of piercing the corporate veil doctrine, is reserved for exceptional cases." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006).  As such, Symbology must undertake an exhaustive 11-factor[1] analysis to apply this doctrine. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996).  Yet, Symbology's Complaint does not address **a single factor**.

Symbology does not provide any plausible factual allegations suggesting any kind of relationship between Roche Molecular and Roche GmbH.  In fact, Symbology does not even mention Roche Molecular in its Complaint.[2]   Symbology also turns a blind eye to the

---

[1] The Fifth Circuit has developed the following list of factors to be used when determining whether a subsidiary is the alter ego of the parent: "(1) the parent and the subsidiary have common stock ownership; (2) the parent and the subsidiary have common directors or officers; (3) the parent and the subsidiary have common business departments; (4) the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiaries property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings." *U.S. v. Jon–T Chemicals, Inc.,* 768 F.2d 686, 691–92 (5th Cir.1985) (internal citations omitted), *cert. denied,* 475 U.S. 1014 (1986).

[2] Symbology's counsel's firm website also boasts his representation of Roche Molecular (Ex. 2.)  He is clearly familiar with Roche Molecular, yet he chose to ignore the existence of this entity.

overwhelming amount of evidence—including exhibits Symbology itself filed with its Complaint—showing that Roche Molecular is the entity responsible for the Accused Instrumentality.  (*See* Dkts. 1-4, 1-5.)  In sum, Symbology can point to no facts justifying a deviation from the long-established "institutional independence of related corporations." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999).  Accordingly, Symbology has not established that this Court can exercise general jurisdiction over Roche GmbH under an alter ego theory.

### (b) Specific jurisdiction does not exist under the stream-of-commerce theory.

The "stream-of-commerce" theory contemplates "a nonresident defendant, acting outside the forum, plac[ing] in the stream of commerce a product that ultimately causes harm inside the forum." *Goodyear*, 564 U.S. at 926.  But in patent infringement actions, this theory applies only in limited circumstances, none of which is present here.

The Supreme Court has articulated two tests for specific jurisdiction under a stream-of-commerce theory.  The first test requires that the defendant place the accused products into the stream of commerce and be "aware that the final product is being marketed in the forum State." *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 117 (1987); *accord J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881-82 (2011).  The second test is the same as the first but additionally requires "an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112; *J. McIntyre*, 564 U.S. at 883.  The Federal Circuit has thus far not decided which test to adopt for patent cases.  *See, e.g.*, *Polar Electro Oy v. Suunto Oy*, 829 F. 3d 1343, 1349-50 (Fed. Cir. 2016).

Symbology cannot satisfy the most basic element of either *Asahi* test.  As shown on the developer page of the NAVIFY Pass application, as well as in the Application itself, the Accused

NAVIFY Pass application was developed and is maintained by Roche Molecular.  (*See* Dkts. 1-4, 1-5; also Ex. 1, 3-5.)

Symbology also does not allege any facts to suggest that Roche GmbH puts any products in the stream of commerce.  The stream-of-commerce "refers to the movement of goods from manufacturers through distributors to consumers." *J. McIntyre*, 564 U.S. at 881-82.  Roche GmbH does not develop, maintain, distribute, or sell the Accused NAVIFY Pass application in the U.S.  Nor does it conduct business in the U.S. .  Therefore, Roche GmbH does not put any products into the stream of commerce in the U.S., and this Court has no specific jurisdiction over Roche GmbH. *See Nespresso USA, Inc. v. Ethical Coffee Co. S.A.*, 263 F. Supp. 3d 498 (D. Del. 2017) (finding no specific jurisdiction under stream-of-commerce theory where foreign defendant did not manufacture, distribute, import, or ship the accused products); *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) (same).

Courts have found that a U.S. entity introducing an accused product into the stream of commerce is insufficient to show personal jurisdiction over a foreign affiliate.  In *Nespresso*, for example, the court rejected the argument that the Swiss defendants could be held responsible for the actions of their U.S. subsidiary.  263 F. Supp. 3d at 504.  Rather, the plaintiff must "demonstrate that Nestlé and Nestec [Swiss defendants] were responsible for introducing the Nespresso machines [accused products] into the stream of commerce, and not simply that a subsidiary within the U.S. introduced the Nespresso machines." *Id*.  The *Nespresso* court found that "[s]ince minimum contacts have not been established through either a stream of commerce or agency approach, ipso facto, personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2)." *Id.* at 506.

The same applies here.  Roche GmbH is a separate entity located overseas, and Roche Molecular's activities cannot be imputed onto Roche GmbH to establish personal jurisdiction under Rule 4(k)(2).  Symbology cannot and did not allege otherwise, and thus any "stream-of-commerce" theory of personal specific jurisdiction must fail.

### 3.   The assertion of personal jurisdiction would be neither reasonable nor fair.

Even if Symbology could properly allege facts to support the first two prongs of the personal jurisdiction test (which it did not), this Court should still decline to exercise personal jurisdiction because it would be neither fair nor reasonable to force Roche GmbH to litigate Symbology's claims in this unfamiliar forum.

The third factor regarding traditional notions of fair play and substantial justice involves a balancing test with five questions:  First, what is the burden on the defendant?  Second, what, if any, are the interests of the forum state?  Third, what is the plaintiff's interest in obtaining relief?  Fourth, what is the interstate judicial system's interest in obtaining the most efficient resolution of the controversies?  And fifth, what are the interests of the states in furthering their social policies?  *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996).

These factors weigh against finding specific jurisdiction here.  Traditional notions of fair play and substantial justice should weigh against allowing a plaintiff to circumvent the patent venue rules set by the Supreme Court in *TC Heartland*.  Roche GmbH is a foreign company with no employees in Texas.  It has been pulled into this dispute by Symbology solely for the purpose of forum shopping.  Meanwhile, Roche Molecular is based in California, not Texas.

Considering the five questions, it becomes even clearer that the Court should not find specific jurisdiction here: First, the burden on Roche GmbH is significant, as exercising jurisdiction would force Roche GmbH to litigate in an unfamiliar forum wherein it has no activities

or personnel.  This dispute centers on activities involving the Accused Instrumentality, and the entity responsible for it is one that Symbology refused to add to this case, because adding Roche Molecular as a defendant would then require that it be dismissed from the case for lack of proper venue.  Proceeding with Roche GmbH as the defendant would nonetheless introduce delay for the Court and increased costs for the parties because any evidence or witnesses for Roche GmbH would be located outside the U.S., and any relevant witnesses for Roche Molecular would be located in California.

Second and third, neither the parties nor the State of Texas has any interest in forcing a sister company with no employees to litigate in this District. Symbology has no genuine interest in litigating this lawsuit in Texas.  Symbology has no website, and makes no products.  In short, it appears Symbology was created solely for purposes of litigation (as evidenced by the approximately 250 lawsuits it has filed), and any local interest therefore is minimal.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding plaintiff's interest entitled to no weight where its "presence in Texas appears to be recent, ephemeral, and an artifact of litigation").

Fourth, the interstate judicial system has no interest in maintaining this litigation in EDTX because the relevant parties, Roche GmbH and Roche Molecular, do not have any connection to EDTX.  And fifth, resolving allegations of patent infringement is not relevant to any state's social policies.  Consequently, the answers to these questions establish that exercising personal jurisdiction over Roche GmbH would not be fair or reasonable.

### B.  Symbology's Complaint Fails to State a Claim

Symbology failed to provide any support for direct infringement performed by Roche GmbH.  A minimal investigation (*e.g.*, looking at the Accused Instrumentality) would show that the provider of the Accused Instrumentality is actually Roche Molecular.  (Dkts. 1-4, 1-5.)  As

14

discussed above, Roche GmbH does not perform any business activities in the U.S. and therefore engages in no activities that Symbology could accuse of direct infringement.   None of the remaining allegations in the Complaint suggests that Roche GmbH provides the Accused Instrumentality to customers in this District.   Symbology knows the proper defendant is Roche Molecular, but Symbology also knows that any attempt to add Roche Molecular as a defendant would make venue improper in this District pursuant to *TC Heartland*.  If Symbology seeks relief, it should file suit against Roche Molecular in Delaware or California, where it resides and has a regular and established places of business.

Dismissal pursuant to Rule 12(b)(6) is appropriate when a complaint fails to adequately plead infringement against the appropriate defendant.   *See, e.g.*, *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342 (E.D. Tex. 2011) (dismissing patent infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) where the allegedly infringing acts took place outside of the U.S.); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 1974602, at *3 (N.D. Cal. July 8, 2009) ("To the extent KTI seeks dismissal of the complaint for failure to allege infringing activity by KTI within the U.S., the [Rule 12(b)(6)] motion will be granted."); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. CV 15-438-LPS-CJB, 2015 WL 7833206, at *4, 6 (D. Del. Dec. 3, 2015) (dismissing infringement claim against a foreign defendant pursuant to Rule 12(b)(6)); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (dismissing complaint pursuant to Rule 12(b)(6) for failing to provide "factual allegations about the nature of defendant's business, nor their activities in the United States" and observing that "without more, the fact that [the Japanese defendant] is not a U.S.-based entity might well affirmatively suggest that it has not done any of

these things").  Symbology failed to plead any facts to support direct infringement by Roche GmbH.

## V.    CONCLUSION

For the foregoing reasons, Roche GmbH respectfully requests that this Court dismiss the allegations against Roche GmbH with prejudice under Rules 12(b)(2) and 12(b)(6).

Dated: May 8, 2024                    Respectfully submitted,

By:  */s/ Aaron P. Pirouznia*
Terry J. Stalford
Texas Bar No. 24011686
stalford@fr.com
Aaron P. Pirouznia
Texas Bar No. 24098958
pirouznia@fr.com
Noel F. Chakkalakal
Texas Bar No. 24053676
chakkalakal@fr.com
Alexander H. Martin
Texas Bar No. 24091828
martin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
Telephone: (214) 747-5070

**COUNSEL FOR DEFENDANT
ROCHE DIABETES CARE, LIMITED**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 8, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


*/s/ Aaron P. Pirouznia*
Aaron P. Pirouznia