IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00630-JRG |
| | § | |
| ROCHE DIAGNOSTICS GMBH LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Roche Diagnostics GMBH Ltd.'s ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (the "Motion"). (Dkt. No. 10.) In the Motion, Defendant requests that the Court dismiss with prejudice Plaintiff Symbology Innovations, LLC's ("Plaintiff") complaint under (1) Rule 12(b)(2) for lack of personal jurisdiction, and (2) Rule 12(b)(6) for failure to state a claim. (*Id*. at 1.)

First, Defendant argues that it is not subject to general or specific jurisdiction in this Court. (*Id*. at 7–14.) With respect to general personal jurisdiction, Defendant argues that the complaint fails to "establish how [Defendant] purposefully directed any activities at Texas." (*Id*. at 8.) Defendant further states that it "has never done business in Texas, has never had offices or employees in Texas, and has never paid any taxes or fees in Texas. It has no properties in Texas and directs no activities within the state." (*Id*.) With respect to specific personal jurisdiction, Defendant argues that (1) it does not put any products into the stream of commerce in the United States, and (2) Plaintiff does not even attempt to impute the activities of Roche Molecular Systems, Inc. ("Roche Molecular")—who purportedly provides the Accused Instrumentalities in the United

States (*id*. at 1)—to Defendant. (*Id*. at 9–13.) Additionally, Defendant argues that it would not be reasonable or fair to "force [Defendant] to litigate [Plaintiff's] claims in this unfamiliar forum." (*Id*. at 13–14.) Finally, Defendant also argues that this Court does not have personal jurisdiction under Rule 4(k)(2) because Defendant lacks sufficient contacts with the United States. (*Id*. at 7, 12–13.)

Second, Defendant argues that Plaintiff fails to state claims of direct infringement. (*Id*. at 14–16.) Specifically, Defendant argues that the complaint does not support direct infringement allegations, and that a "minimal investigation (*e.g.*, looking at the Accused Instrumentality) would show that the provider of the Accused Instrumentality is actually Roche Molecular." (*Id*. at 14.)

Defendant filed the Motion on May 8, 2024. Under the Eastern District of Texas's Civil Local Rules, Plaintiff's Response to the Motion was due by May 23, 2024. CV-7(e). As Defendant explains in its Notice of Non-Opposition to Defendant Roche Diagnostics GmbH's Motion to Dismiss, Plaintiff failed to file a response to the Motion or request an extension to respond to the Motion. (Dkt. No. 12 at 1.) The Motion is therefore unopposed.

Having considered the Motion, and given its unopposed nature under this District's Local Rules, the Court finds that it has little alternative but to grant the Motion. Accordingly, the Motion hereby is **GRANTED**, and as such, the Court **ORDERS** this case **DISMISSED WITH PREJUDICE**. All pending requests for relief in the above-captioned case not explicitly granted herein are **DENIED AS MOOT**. The Court further directs the Clerk to **CLOSE** the above-captioned case.

**So Ordered this**

**Jun 13, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE